No. 24966.

THE PEOPLE OF THE STATE OF COLORADO *v.*
WILLIAM B. ORTEGA.
(481 P.2d 727)

Decided February 22, 1971.

JAMES D. McKEVITT, District Attorney, GREGORY A. MUELLER, Assistant, JARVIS W. SECCOMBE, Chief Deputy, THOMAS P. CASEY, Deputy, for plaintiff-appellee.

EPSTEIN, LOZOW & PREBLUD, DONALD L. LOZOW, GARY LOZOW, for defendant-appellant.

*En Banc.*

MR. JUSTICE KELLEY delivered the opinion of the Court.

WILLIAM B. ORTEGA, defendant-appellant, is charged with possession of narcotics, one count relating to heroin and the other to marijuana. The narcotics were seized by police officers contemporaneously with Ortega's arrest on April 26, 1970. The officers had neither an arrest nor a search warrant.

The defendant-appellant challenged the validity of the seizures by a motion to suppress premised on the violation of his rights under the Fourth and Fourteenth Amendments to the Constitution of the United States. The trial court denied the motion to suppress.

Ortega presented no evidence and the People relied upon the testimony of one of the two detectives who made the arrest and seized the contraband.

Detectives DeNovellis and Cantwell were conducting a surveillance in the rear of an apartment house located at 2460 West Caithness Street, Denver, at about 9:50 p.m. The surveillance was the result of information received by the officers from an informant who advised that Mr. Ortega was engaged in narcotics activities at the West Caithness Street address. The information furnished indicated that Ortega was hiding narcotics in the back yard of the apartment house and that he was "a pusher."

While conducting the surveillance, Detective DeNovellis observed Ortega emerge from the back of the apartment house, walk over to a "weeded or grassy" area, bend over for a few minutes, stand up, and start

back toward the apartment house. At about that moment the detectives moved toward the defendant and one of the detectives called him by name, whereupon Ortega turned, saw DeNovellis, and threw an object from his hand. Ortega was then restrained by one of the detectives while the other searched the area for the discarded object. The object was recovered and found to be a tinfoil packet containing approximately six balloons of suspected heroin. The substance was thereafter determined to be heroin.

In denying the motion to suppress, the trial court made no findings of fact, merely holding that there was probable cause for both the arrest and the search and seizure.

■ *People v. Reyes,* 173 Colo. 301, 477 P.2d 790, held, "Before this court can pass upon the ruling of the trial court it must have the benefit of the trial court's findings. The trial court is required to determine the factual issues presented by the motion to suppress."

Consequently, we must remand the cause for an evidentiary hearing on the motion to suppress. The judge who heard the motion to suppress is now deceased. From the limited testimony in the record, it does not appear that it will be possible on remand for a new trial judge to make the necessary factual determinations from the record. The circumstances and sequence of events leading up to the arrest are important considerations which were touched upon but slightly. A new evidentiary hearing is indicated.

■ As noted above, the search and seizure of which the validity is being challenged was conducted without a warrant. If the validity of the search depends upon a lawful arrest, then the court must find the facts upon which such a conclusion may legally rest. If, on the other hand, the court concludes that the seized property was "found" after abandonment, then it must find the facts upon which that conclusion could validly rest. In like manner, whatever ultimate conclusion the trial court reaches must be supported by appropriate findings of

fact.

From the arguments advanced by the district attorney in this court and the limited amount of evidence which he introduced at the hearing, it appears that he labors under a misconception of the law governing the burden which rests upon the *People*.

■ We hold that in a warrantless search that it is incumbent upon the *People* to show the search and seizure was valid. *See People v. Valdez,* 173 Colo. 410, 480 P.2d 574.

The cause is remanded for further proceedings consonant with the views herein expressed.