THE PEOPLE OF THE STATE OF COLORADO *v.* JAMES EDWARD JENKINS, ALSO KNOWN AS JAMES JENKINS.

No. 25044.

THE PEOPLE OF THE STATE OF COLORADO *v.* ALBERT MADISON BROOKS, JR., ALSO KNOWN AS ALBERT M. BROOKS, ALSO KNOWN AS ALBERT BROOKS.

(481 P.2d 714)

Decided March 8, 1971.

CARL PARLAPIANO, District Attorney, DANIEL J. SEARS, Deputy, for plaintiff-appellee (No. 25013) and plaintiff-appellant (No. 25044).

ROLLIE R. ROGERS, State Public Defender, DAROL C. BIDDLE, Deputy, for defendant-appellant (No. 25013) and defendant-appellee (No. 25044).

*En Banc.*

MR. JUSTICE KELLEY delivered the opinion of the Court.

JAMES EDWARD JENKINS and Albert Madison Brooks, Jr., are charged jointly with possession of a narcotic drug and conspiracy to possess a narcotic drug. Each defendant filed a motion to suppress the narcotics upon which the charges are based. The trial court granted the motion to suppress as to the defendant Brooks, but denied the motion to suppress as to the defendant Jenkins.

28

The defendant Jenkins in No. 25013 and the State in No. 25044 have appealed separately the trial court's rulings on the motions to suppress evidence. (*See* C.A.R. 4.1)

The defendants were arrested together without a warrant on the basis of information to the effect that the defendants were going to consummate a sale of narcotics at or near the place of arrest, which information was supplied to the arresting officer by an informant.

Part of the evidence sought to be suppressed was obtained incident to the arrest, some was handed to a police officer by the defendant Jenkins, and the balance was obtained upon a search warrant. It appears that that which was seized incident to the arrest, that which was handed to the police officer, and that which was seized pursuant to the search warrant were all seized primarily as a result of the information furnished by the informant in the first instance.

The trial court conducted an extensive evidentiary hearing on the motions to suppress. On some phases there was conflicting testimony. However, the trial court made no findings of fact in ruling on the motions. The court's rulings in their entirety appear in this paragraph:

"3. Defendant's Motion to Suppress evidence is denied as to defendant, James Edward Jenkins. The Court is of the opinion that probable cause existed for the arrest of the accused, James Edward Jenkins, and that the search of his person was valid and lawful. However, defendant's motion to suppress evidence is granted as to defendant, Albert Madison Brooks, Jr., for the reason that probable cause did not exist for his arrest and subsequent search of his person."

When the court found that "probable cause existed for the arrest of" Jenkins, it, in effect, found an ultimate fact, but it failed to make findings relative to the basic and underlying facts necessary to support such a conclusion. Inasmuch as there were conflicts in the evidence from which the underlying facts must be found, it will be

necessary to remand the cause to the trial court for that purpose. *See People v. Ortega,* 173 Colo. 564, 481 P.2d 727.

What we have said in connection with Jenkins is also true as to Brooks.

Since the trial court is the finder of fact and must resolve the conflicts in the testimony on the basis of its judgment as to the credibility of the witnesses, it may be that the trial court cannot make a determination from the transcript of the evidence presented at the first hearing. The matter of the procedure on remand is a matter which we leave to the discretion of the trial court.

Rulings reversed and causes remanded for further proceedings.

MR. CHIEF JUSTICE PRINGLE not participating.