No. 24888.

THE PEOPLE OF THE STATE OF COLORADO *v.*
GEORGE D. DUNCAN.
(498 P.2d 941)

Decided December 6, 1971.

DUKE W. DUNBAR, Attorney General, JOHN P. MOORE, Deputy, GEORGE E. DeROOS, Assistant, for plaintiff-appellee.

ROLLIE R. ROGERS, State Public Defender, J. D. MAC-FARLANE, Chief Deputy, KENNETH J. RUSSELL, Deputy, for defendant-appellant.

*En Banc.*

Mr. Chief Justice Pringle delivered the opinion of the Court.

Appellant, George Dalton Duncan, was convicted of aggravated robbery and sentenced to the penitentiary. From that judgment he brings his appeal to this Court. He will hereinafter be referred to as defendant.

On April 1, 1969, the Equity Savings and Loan Co. in Denver was robbed by two armed men. During the course of the robbery a police officer was wounded, one robber was killed, and the other escaped. On April 2, 1969, the defendant was arrested in Kansas by officers who had received an all points bulletin which described the Denver robbery and which requested officers to apprehend an automobile which matched the description of the car the defendant was driving. The vehicle was searched after the defendant was arrested and certain evidence discovered therein was seized by the police.

Prior to trial, defendant filed a motion to suppress this evidence on the ground that it was illegally seized in violation of the Fourth and Fourteenth Amendments. After holding a comprehensive hearing on the matter, the motion to suppress was denied by the trial court. During the trial the motion to suppress was renewed by the defendant and again denied by the trial court. The trial judge made no findings of fact in ruling on these two motions.

Defendant urges this Court to consider several arguments in this appeal. We need not address ourselves to defendant's contentions at this time, however, because the People confess error on the grounds that the trial court incorrectly failed to make findings of fact after ruling on defendant's two motions to suppress. We agree that this was error by the trial court.

It is the function of the trial court to determine the factual issues presented by a motion to suppress, and this in turn requires the trial judge to make findings of fact whenever he rules on a motion to suppress. *People*

*v. Ortega,* 173 Colo. 564, 481 P.2d 727; *People v. Reyes,* 173 Colo. 301, 477 P.2d 790. Instead of making findings of fact, the trial court in this case ruled only that the evidence in question was "admissible as incidental to the lawful arrest." This was a conclusion of law, rather than a finding relative to the basic underlying facts necessary to support the determination that the arrest itself was lawful, which in fact was the issue involved in the suppression hearing. *People v. Jenkins,* 174 Colo. 26, 481 P.2d 714.

■ We agree with the attorney general that the trial court erred when it did not make the required findings of fact.

The case is remanded to the district court with directions to hold such further hearings as the judge deems to be necessary; to make the requisite findings of fact; and then to transmit the same to this Court with all convenient speed.

MR. JUSTICE DAY not participating.