No. 24826

## Domingo Sandoval v. The People of the State of Colorado
(503 P.2d 1020)

Decided December 4, 1972.

Joe Clarence Medina, for plaintiff in error.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, Eugene C. Cavaliere, Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

The defendant, Domingo Sandoval, was charged and convicted by a jury of the crimes of aggravated robbery and conspiracy to commit aggravated robbery. He was sentenced to the penitentiary, and thereafter, his conviction was affirmed on writ of error. *Sandoval v. People,* 162 Colo. 416, 426 P.2d 968 (1967). *See* the companion case, *Duran v. People,* 162 Colo. 419, 427 P.2d 318 (1967), for a factual summary. Subsequently, the defendant filed a motion for vacation of the judgment under Crim. P. 35(b), together with an alternative motion for a new trial on the grounds of newly

discovered evidence.

After a full hearing, the trial court denied both of the defendant's motions for post-conviction relief. Now the defendant seeks review in this Court alleging that the trial court should have granted his motions. Both motions were predicated upon the same evidence. We affirm the trial court's denial of the defendant's motions.

## I.

The issues before us concern in-court identification testimony and center on a police lineup and subsequent events which preceded eyewitness testimony of identity of the defendant. The defendant contends that his conviction cannot stand because the police suggested to eyewitnesses that the defendant was one of the robbers. The defendant further alleges that the prosecution suppressed evidence relating to the lineup which was favorable to him. He also urges us to reverse because an eyewitness to the robbery identified someone else as a person who could have committed the crime. The record does not buttress the defendant's factual contentions.

■ Prior to the time that testimony was permitted, the court properly held an *in camera* hearing and explored the identification issue in depth. It determined that the identification issue should be left for the jury with proper instructions. In the course of the defendant's trial in this case, competent trial counsel developed the frailties which existed in the identification testimony, and with proper instructions, the matter was submitted to the jury. The court considered the totality of the circumstances and found that the People had sustained their burden:

"It is the burden of the People to show by clear and convincing evidence that any suggestion was not present and that the identification was the product of the victim's own recollection. *Stewart v. People,* 175 Colo. 304, 487 P.2d 371; *Martinez v. People,* 174 Colo. 125, 482 P.2d 375." *Constantine v. People,* 178 Colo. 16, 495 P.2d 208 (1972).

■ At an *in camera* hearing, the court must determine in the first instance whether a witness' in-court identification

testimony bears an unconstitutional taint. *Edmisten v. People,* 176 Colo. 262, 490 P.2d 58 (1971). *See Fresquez v. People,* 178 Colo. 220, 497 P.2d 1246 (1972); *Phillips v. People,* 170 Colo. 520, 462 P.2d 594 (1969); *Whitman v. People,* 170 Colo. 189, 460 P.2d 767 (1969). *See also, Espinoza v. People,* 178 Colo. 391, 497 P.2d 994 (1972); *Martinez v. People,* 174 Colo. 125, 482 P.2d 375 (1971). After this threshold is crossed, the question of identification goes to the credibility of the witness and must necessarily be resolved by the jury as it was in this case. *See Schott v. People,* 174 Colo. 15, 482 P.2d 101 (1971); *Neighbors v. People,* 171 Colo. 349, 467 P.2d 804 (1970).

## II.

By way of a further attack on the identification testimony, the defendant contends that the prosecution failed to correct false testimony which was relevant to his identification. *Napue v. Illinois,* 360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959); *Giglio v. United States,* 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972). The record does not substantiate the defendant's claim.

The weaknesses in the identification testimony were fully developed by competent counsel, both at the *in camera* hearing and before the jury. Neither Richtel's nor Romero's testimony fits within the holding in *Napue v. Illinois, supra.* The only error pointed to is that Richtel testified that he was unable to make an identification in the lineup when police officer's notes show that Richtel replied, when questioned by a police officer, that a person other than the defendant could have been a possible participant in the crime.

## III.

The defendant also claims that the police officer's notes relating to the lineup constituted favorable evidence which was wrongfully suppressed under the principles announced in *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). We do not deem *Brady v. Maryland, supra,* to be in point. The *Brady* case, and its progeny, stand for the proposition that a failure of the prosecution to produce evidence favorable to the accused, relating to the

issue of either guilt or punishment, amounts to a denial of due process. In this case, the testimony was clear that neither of the key witnesses were able to make a positive pretrial identification. A reply to a police question which sought an identification of the most likely participant in the robbery cannot meet the test when the witness admits that he could not identify the defendant.

A number of witnesses were produced by the defense who testified that the defendant was not one of the robbers. Under the circumstances, reversible error did not occur.

## IV.

■ No basis exists for ordering a new trial on the grounds of newly discovered evidence. The so-called newly discovered evidence came to the attention of defense counsel after the trial was completed. The prosecution opened its files to the defense and thereby made the police officer's notes available to defense counsel. In *United States v. Keogh,* 391 F.2d 138 (2d Cir. 1968), the court said: A new trial has not been required whenever "the combing of the prosecutor's files after the trial has disclosed evidence possibly useful to the defense but not likely to have changed the verdict . . . ."

Thus, we conclude that post-conviction relief was properly denied by the trial court.

Judgment affirmed.

MR. JUSTICE DAY does not participate.