No. 26343

The People of the State of Colorado v. Earnest Alois Martinez, Samuel Campos and Donald Alfred Cook
(523 P.2d 1405)

Decided July 1, 1974.

Robert R. Gallagher, Jr., District Attorney, C. Scott Crabtree, Deputy, for plaintiff-appellant.

No appearance for defendants-appellees.

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

Defendants were charged with unlawful possession of marijuana, C.R.S. 1963, 48-5-2, and unlawful possession for sale of marijuana, C.R.S. 1963, 48-5-20. They moved to suppress the introduction into evidence of the marijuana taken from a car in which they were riding. A pretrial hearing was held and the district court granted the defendant's motion. Pursuant to C.A.R. 4.1, the People bring this interlocutory appeal to challenge the district court's ruling.

The People urge us to rule that as a matter of law the warrantless intrusion into the trunk of the automobile was constitutionally reasonable and, therefore, to order that the evidence be admitted at trial. The trial court, however, made no findings in support of its conclusion to suppress the evidence. The testimony of the witnesses differs on the motive and legitimacy of the intrusion. Therefore, without expressing an opinion on the merits at this time, we remand the case for specific findings of fact by the trial judge. *People v. Jenkins,* 174 Colo. 26, 481 P.2d 714; *People v. Ortega,* 173 Colo. 564, 481 P.2d 727.

On remand, the trial court should make appropriate findings on whether the police officers were conducting an exploratory search, or whether they were pursuing in a reasonable manner an investigation to determine whether the automobile in question was stolen.

We pointed out in *People v. Jenkins, supra:*

"[S]ince the trial court is the finder of fact and must resolve the conflicts in the testimony on the basis of its judgment as to the credibility of the witnesses, it may be that the trial

court cannot make a determination from the transcript of the evidence presented at the first hearing. The matter of the procedure on remand is a matter which we leave to the discretion of the trial court."

Accordingly, the case is remanded for such further proceedings by the trial court as are necessary to enable it to make the required findings of fact.