## No. 27165

## The People of the State of Colorado v. Richard P. Hoinville
(553 P.2d 777)

Decided August 9, 1976.                    Rehearing denied August 30, 1976.

358

J. D. MacFarlane, Attorney General, Jean E. Dubofsky, Deputy, Edward G. Donovan, Solicitor General, Joseph M. Goldhammer, Assistant, for plaintiff-appellee.

Alan J. Waitkus, Saul R. Sarney, for defendant-appellant.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

The defendant, Richard Hoinville, was charged with crimes of first-

degree arson[1], second-degree arson[2], and conspiracy to commit arson[3]. The jury returned verdicts of not guilty of first and second-degree arson and guilty of conspiracy. Defendant appeals from the conspiracy conviction.

■ The People concede that under the rule announced in *People v. Pleasant*, 182 Colo. 144, 511 P.2d 488 (1974), the conspiracy conviction must be set aside because the instructions and verdict forms neglected to specify the substantive crime alleged to be the subject of the conspiracy. We agree that the conviction must be vacated on this ground and therefore remand this case for a new trial on the conspiracy charge. Retrial on the first and second-degree arson charges is barred by the doctrine of former jeopardy. Section 18-1-301(1)(a), C.R.S. 1973.

At issue at the trial was the admissibility of certain evidence. Since this same evidence is likely to be offered at the retrial, we address the question of the admissibility of this evidence now.

Hoinville's residence had been under surveillance approximately two weeks in March 1974 in connection with the investigation of several bombings. Thereafter, police officers obtained search warrants authorizing searches of Hoinville's residence. Searches were conducted on March 15, 1974 and explosives were discovered. That same afternoon, Hoinville was arrested at his place of employment without a warrant, by officers who had participated in the earlier searches of Hoinville's residence.

At the time of the arrest, officers seized Hoinville's jacket. Subsequent chemical analysis connected the jacket with a bombing of a Public Service Company sub-station.

Shortly after the arrest, Hoinville made a statement to the police in which he admitted having extensive knowledge of explosives although he denied participation in any bombings.

Hoinville moved to suppress the jacket and the statement. The trial court denied the motion and both items of evidence were admitted at the trial.

### The Arrest
#### A. Probable Cause

The defendant contends that the seizure of the jacket and the statements made by him were the fruits of an unlawful arrest which should not have been admitted into evidence.

■ Before a person may be lawfully arrested, the arresting officer must have probable cause to believe that a crime has been committed and that the person to be arrested has committed the crime. *Whitely v. Warden*, 401 U.S. 560, 91 S.Ct. 1031, 28 L.Ed.2d 306 (1971); section 16-3-102, C.R.S. 1973. The probable cause requirement is applicable whether

[1] 1971 Perm. Supp., C.R.S. 1963, 40-4-102. Now section 18-4-102, C.R.S. 1973.
[2] 1971 Perm. Supp., C.R.S. 1963, 40-4-103. Now section 18-4-103, C.R.S. 1973.
[3] 1971 Perm. Supp., C.R.S. 1963, 40-2-201. Now section 18-2-201, C.R.S. 1973.

the arrest is made with or without a warrant. *Whitely v. Warden, supra.*

■ When the legality of an arrest is placed in issue by a motion to suppress made pursuant to Crim. P. 41(e) and (g), the trial court must "receive evidence on any issue of fact necessary to the decision of the motion." Crim. P. 41(g). The trial court must then make specific findings of fact and conclusions of law. *See People v. Jenkins,* 174 Colo. 26, 481 P.2d 714 (1971); *People v. Ortega,* 173 Colo. 564, 481 P.2d 727 (1971).

■ In the present case, the trial court merely concluded that probable cause existed for Hoinville's arrest. Such a "finding" is plainly not sufficient. *People v. Duncan,* 176 Colo. 427, 498 P.2d 941 (1971); *People v. Jenkins, supra; People v. Ortega, supra.* Without specific findings of fact, appellate review of Fourth Amendment claims is an impossibility.

For these reasons, on remand the trial court must make specific findings relating to the challenged arrest. These findings must then be analyzed according to the applicable law.[4]

### B. Exigent Circumstances

At the suppression hearing, defense counsel requested the trial court to make a finding as to whether there were exigent circumstances justifying Hoinville's warrantless arrest. The trial court refused to make such a finding, presumably on the assumption that once probable cause is found to exist, exigent circumstances are not necessary to validate a warrantless arrest.

■ A recent United States Supreme Court case seems to indicate that the federal constitution does not require a showing of exigent circumstances for a felony arrest made in a public place which is based on probable cause. *United States v. Watson,* 423 U.S. 411, 96 S.Ct. 820, 46 L.Ed.2d 598 (1976). Whatever that decision may mean, under our dual system of government, it is state law and not federal law that governs the legality of a state arrest so long as that law does not violate federal constitutional protections against unreasonable searches and seizures. *Ker v. California,* 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726 (1963). The states are and must be free to impose greater or additional restrictions on police conduct than are required by the federal constitution if its citizens either by their constitution or their legislature so determine, *Oregon v. Hass,* 420 U.S. 714, 95 S.Ct. 1215, 43 L.Ed.2d 570 (1975). *See United States v. Watson, supra,* at n. 12.

The Colorado general assembly has codified the law of arrest in this state in section 16-3-102, C.R.S. 1973.

---

[4]Hoinville also attacks the validity of the searches of his residence executed prior to the arrest. To the extent that the evidence gathered during these searches is used to establish probable cause for Hoinville's arrest or is used as evidence at the trial, the trial court must make specific findings and conclusions relating to the validity of these searches.

That section provides:

"Arrest by peace officer. (1) A peace officer may arrest a person when:

"(a) He has a warrant commanding that such person be arrested; or

"(b) Any crime has been or is being committed by such person in his presence; or

"(c) He has probable cause to believe that an offense was committed and has probable cause to believe that the offense was committed by the person to be arrested. *An arrest warrant should be obtained when practicable.*" [Emphasis supplied.]

The defendant argues that sub-section (1)(c) of the statute imposes a mandatory requirement upon police officers to obtain an arrest warrant in all cases in which they have time to do so. The Attorney General contends that the general assembly merely intended to codify the constitutional requirements for a lawful arrest. He contends that since *United States v. Watson, supra,* has made it clear that exigent circumstances are not necessary to validate a warrantless arrest under the federal constitution, the "when practicable" clause of sub-section (1)(c) should be interpreted as being advisory only.

██ It is our duty to give effect to the laws as enacted by the legislature. Only when those laws in some manner contravene the fundamental law of our state or nation do we have authority to nullify or modify statutory enactments. We must presume that the legislature speaks to express the will of the people and does not intend to speak wishfully or futilely.

██ The interpretation suggested by the Attorney General would render the last sentence of sub-section (1)(c) superfluous, since under that interpretation, the police would be free to arrest without obtaining an arrest warrant in any case. In order to give practical meaning to what the legislature has written, we must hold sub-section (1)(c) to require that police officers must obtain an arrest warrant whenever possible.[5]

Such a requirement does not impede effective police action. It does not deprive police officers of the right to make an arrest where exigent circumstances exist. It expresses the view of the American people, as enunciated as early as the discussions of the framers of the Bill of Rights that wherever possible, a neutral magistrate should make probable cause determinations. *See Johnson v. United States,* 333 U.S. 10, 68 S.Ct. 367, 92 L.Ed. 436 (1948).

---

[5]The United States Supreme Court in *United States v. Watson, supra,* recognized that some state arrest statutes require a finding of exigent circumstances to justify a warrantless arrest. In that group of states, Mr. Justice White, writing for the Court, included Colorado. 423 U.S. 422 at n. 12, 96 S.Ct. at 827, n. 12, 46 L.Ed.2d at 608, n. 12.

In *People v. Tangas,* 190 Colo. 262, 545 P.2d 1047 (1976), the question of what effect section 116-3-102 had on a requirement of exigent circumstances was not raised by the facts of the case and was not argued by the parties nor discussed by the Court.

When immediate police action is essential to protect the public safety, the warrant preference expressed by section 16-3-102(1)(c) must, and does give way to the public security. *DeLaCruz v. People*, 177 Colo. 46, 492 P.2d 627 (1972). But when an adequate opportunity to obtain an arrest warrant exists, the police, by the terms of section 16-3-102(1)(c), must obtain an arrest warrant.

Since the trial court did not make a finding as to whether exigent circumstances existed in this case, we direct the trial court to do so upon remand.

### Admissibility of the Jacket and Statement

In the event that the trial court rules that the arrest was unlawful, both the jacket and the statement made by Hoinville should be excluded from evidence upon retrial. *See Brown v. Illinois*, 422 U.S. 590, 95 S.Ct. 2254, 45 L.Ed.2d 416 (1975); *Wong Sun v. United States*, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963); *People v. Thompson*, 185 Colo. 208, 523 P.2d 128 (1974); *People v. Moreno*, 176 Colo. 488, 491 P.2d 575 (1971); *People v. Valdez*, 173 Colo. 410, 480 P.2d 574 (1971).

The judgment is reversed and the case is remanded for a new trial on the conspiracy charge in accordance with the views herein expressed.

MR. JUSTICE LEE and MR. JUSTICE ERICKSON do not participate.