## No. C-1336

### Ernest J. Huguley v. The People of the State of Colorado

(577 P.2d 746)

Decided April 17, 1978. Opinion modified and as modified rehearing denied May 8, 1978.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Lawrence J. Schulman, Deputy, for petitioner.

J. D. MacFarlane, Attorney General, David W. Robbins, Deputy, Edward G. Donovan, Solicitor General, Felipe V. Ponce, Assistant, for respondent.

*En Banc.*

MR. JUSTICE CARRIGAN delivered the opinion of the Court.

The petitioner, Ernest Huguley, was convicted of second-degree burglary, felony theft, and conspiracy. The court of appeals affirmed his convictions. *People v. Huguley,* 39 Colo. App. 481, 568 P.2d 1177 (1977). We granted certiorari, and now reverse the court of appeals and remand the case to the district court for additional findings.

The petitioner and a co-defendant, Edker Robinson, were accused of breaking into an apartment in Denver and stealing a color television set. Frieda Brown, a tenant of the apartment house, worked in a building

facing the apartment house but separated from it by a parking lot. She testified that on the morning of January 30, 1975, she saw two men knock on the door of the manager's apartment, and then — apparently receiving no response from within — return to a yellow and black car parked on the street. About five minutes later, she saw two men force open the door of the manager's apartment and take a television set to the same car, which was at this time stopped in the alley adjoining the apartment. She called the police as soon as the burglars broke the door.

At trial, Mrs. Brown was able to identify the burglars as black males, describe their clothing, and estimate their relative heights. She was not able to identify the defendants as the burglars, however, because she had not been close enough at the time of the crime to see their faces.

Shortly after the burglary, but before the police had arrived, Mrs. Brown discussed the crime with James Fling, an attendant in the parking lot next to the apartment building. When Mrs. Brown described the car and its occupants, Fling informed her that he had seen the men when that car had entered his parking lot about 45 minutes earlier and he had spoken with them. Fling did not speak with the police or offer them any information at that time.

On March 4, 1975, Fling saw three men getting into what he believed to be the same car he had seen on January 30. At that time, Fling wrote down the car's license number and gave it to the burglary victim, who relayed the information to the police. Shortly thereafter, the car's occupants were detained and the petitioner and Robinson were arrested.

The same day, Fling was shown a photo lineup of six photographs, including Robinson's but not the petitioner's, and he identified Robinson, as one of the car's occupants on January 30 and March 4. The next day, March 5, a police officer showed Fling the same set of photographs, except that a picture of the petitioner had been substituted for one of the other photos in the array. Fling identified the petitioner as another occupant of the suspect car both on January 30 and March 4.

After the trial commenced but before any evidence was presented, the court held an in-camera hearing regarding the photographic lineups. The court held that the identification of Robinson from the photo lineup was valid, but it suppressed Fling's testimony regarding his photographic identification of the petitioner because the lineup was unduly suggestive. However, the court ruled that Fling had an independent basis for his identification of the petitioner, and as a result Fling was allowed to identify the petitioner at trial. It is this decision to allow Fling to identify him at trial that the petitioner assigned as error in the court of appeals. That court, after reviewing the record, held that there was sufficient evidence to support the trial court's ruling, and therefore affirmed the conviction.

■ Even though an unduly suggestive out-of-court identification has been suppressed, an in-court identification may still be allowed if there

is an independent source for that identification. *People v. Renfrow,* 193 Colo. 131, 564 P.2d 411 (1977). Before such identification will be permitted, however, the People must establish by clear and convincing evidence that the in-court identification is not the product of the previous unduly suggestive procedure, but rather arises from the witness' own recollection. *Sandoval v. People,* 180 Colo. 180, 503 P.2d 1020 (1972); *Fresquez v. People,* 178 Colo. 220, 497 P.2d 1246 (1972); *Constantine v. People,* 178 Colo. 16, 495 P.2d 208 (1972).

In determining the existence of an independent source of identification, factors to be considered include the witness' opportunity to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation with the defendant, and the length of time between the crime and the confrontation. *Neil v. Biggers,* 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972); *People v. Jones,* 191 Colo. 385, 553 P.2d 770 (1976).

In this case, the trial court conducted an evidentiary hearing, but made no findings as to any of these factors. The court did find that "there was an independent identification of Mr. Huguley," and thus found the ultimate fact in issue, but it failed to make any findings relative to the basic, underlying facts necessary to support that conclusion. Since the evidence from which those facts must be determined was equivocal and conflicting in many respects, it is necessary to remand the cause to the trial court for specific findings. *People v. Martinez,* 185 Colo. 278, 523 P.2d 1405 (1974); *People v. Jenkins,* 174 Colo. 26, 481 P.2d 714 (1971).

In remanding, we adhere to the procedure adopted in similar previous cases:
"Since the trial court is the finder of fact and must resolve the conflicts in the testimony on the basis of its judgment as to the credibility of the witnesses, it may be that the trial court cannot make a determination from the transcript of the evidence presented at the first hearing. The matter of the procedure on remand is a matter which we leave to the discretion of the trial court." *People v. Jenkins, supra,* 174 Colo. at 29, 481 P.2d at 715.

Accordingly, the judgment of the court of appeals is reversed and the cause is returned to it to remand for such further proceedings by the trial court as are necessary to enable it to make the requisite findings of fact, and to rule regarding the propriety of admitting Fling's in-court identification. Since Fling was the only witness linking the petitioner to the crime, if the trial court determines that Fling had no independent source of identification, then the conviction should be reversed and the petitioner discharged. If the trial court determines again that Fling did have an independent source, in the event of an appeal, the matter shall return directly to this Court, under the present writ of certiorari with record and

transcript of the interim supplementary proceedings. *See Mitchell v. People,* 170 Colo. 117, 459 P.2d 284 (1969).

MR. JUSTICE GROVES does not participate.