The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

Raymond Leon ROYBAL,
Defendant-Appellant.

No. 77–861.

Colorado Court of Appeals,
Div. I.

Dec. 28, 1979.

As Modified on Denial of Rehearings
Jan. 31, 1980 and Feb. 7, 1980.

J. D. MacFarlane, Atty. Gen., David W. Robbins, Deputy Atty. Gen., Edward G. Donovan, Sol. Gen., Nathan B. Coats, Asst. Atty. Gen., Denver, for plaintiff-appellee.

J. Gregory Walta, Colorado State Public Defender, Michael Heher, Deputy State Public Defender, Denver, for defendant-appellant.

KELLY, Judge.

Raymond Roybal challenges his conviction for dispensing a narcotic drug. He contends that the trial court erred in admitting alleged hearsay testimony and documents under the business records exception, in allowing testimony concerning results of tests performed on the heroin seized in the absence of a sufficient showing of the chain of custody, and in refusing to suppress evidence of one out-of-court photo identification and two in-court identifications. Finding error in the identification procedure, we remand for further proceedings.

The charges against Roybal were based upon the sale of heroin to Allen Duer, an undercover police officer, and Steve Gonzalez, a paid police informant. Gonzalez approached a person known to him as "Randy" in a Denver bar to arrange for the purchase of heroin while Duer sat in a vehicle outside. When "Randy" agreed to the sale, Gonzalez returned to the car. Both he and Duer testified that shortly thereafter "Randy" left the bar, passing directly in front of their vehicle, and returned a few minutes later. Upon his return, he walked to the passenger window of the car, engaged in a brief conversation, and handed a folded $50 bill and two folded aluminum packets to Gonzalez who was seated on the passenger side.

Later that day, Duer was in an automobile outside of the same bar when he saw "Randy" leave and drive away in a white 1965 Mustang. He noted the license number and learned from the Motor Vehicle Division of the Department of Revenue that the automobile in question was registered to the defendant Roybal. He requested a copy of the driver's license application and a picture, if available. The following day he requested an identification of the vehicle owner from the Denver police, and obtained a mug shot. About three weeks later, he received a copy of Roybal's driver's license application and a photocopy of his driver's license. He identified the photograph on the license as "Randy."

There is no evidence in the record that Duer had observed "Randy's" facial characteristics or that he could, at any time, have described "Randy's" appearance, other than the clothing he wore. Moreover, Duer's testimony reveals that his description of

"Randy" in his police offense report was based on the information contained on the defendant's driver's license rather than his observations at the scene of the offense.

Duer later showed the photograph on the defendant's driver's license to Gonzalez, asked him if it was "Randy", and Gonzalez replied that it was. Neither Duer nor Gonzalez viewed photographs of anyone other than Roybal in their efforts to identify "Randy."

### I.

■ Roybal challenges the admission of testimony by Agent Duer concerning the defendant's ownership of the white Mustang. Agent Duer testified that the car was registered to Roybal; however, upon objection by defense counsel, that testimony was stricken by the court. Roybal contends that the court erred in admitting Duer's testimony that he was able to obtain Roybal's driver's license picture based on the license plate number he copied from the white Mustang. He contends that this was an indirect way of eliciting the same hearsay testimony previously stricken by the court. We disagree.

The record reveals that the purpose of Duer's testimony was to demonstrate how he was directed to Roybal's photograph which he then identified. Accordingly, the trial court's admission of the testimony to show what Duer himself did was proper insofar as the hearsay objection is concerned. See *Fernandez v. People*, 176 Colo. 346, 490 P.2d 690 (1971). However, since the purpose of this testimony was to show the manner in which Duer made his out-of-court identification, its admissibility on remand is governed by the principles stated subsequently in this opinion.

■ Roybal also argues that the vehicle registration authenticated by the testimony of the Chief Motor Vehicle Enforcement Officer of the Division of Motor Vehicles was improperly admitted under the business records exception to the hearsay rule. Although Roybal is correct that the evidence was not a business record within the meaning of Crim.P. 26.2, nevertheless, the evidence was admissible under Crim.P. 27 and C.R.C.P. 44(c) as an official record, and Roybal cannot claim that he was prejudiced by the ruling. *Dickerson v. People*, 179 Colo. 146, 499 P.2d 1196 (1972). Where, as here, an individual with legal custody of the records testifies that the evidence offered is a true copy of an official record maintained in the ordinary course of business, it is admissible. *Raullerson v. People*, 159 Colo. 395, 412 P.2d 236 (1966).

### II.

■ Roybal also asserts that the testimony of a Texas chemist regarding the results of tests performed on the alleged heroin should have been excluded because the evidence of chain of custody was deficient. We disagree. The People presented testimony establishing that the heat-sealed envelope into which Duer placed the heroin was received by the chemist performing the analysis in Dallas, Texas, in an unopened state. Once the complete chain of custody is established, the evidence is admissible, and any weakness in the chain is a question of weight for the jury. *People v. Atencio*, 193 Colo. 184, 565 P.2d 921 (1977).

### III.

■ In making its determination regarding the admissibility of the in-court and out-of-court identifications of the defendant by Agent Duer, the trial court did not make findings regarding either the suggestiveness of the photo identification or the existence of an independent source for the in-court identification because the identification was by "a highly trained police officer conducting an investigation into what he believed to be the commission of a crime." Roybal contends that the court created a police officer exception to the rule stated in *Huguley v. People*, 195 Colo. 259, 577 P.2d 746 (1978), and that there is no such exception to the established tests applicable to identification procedures. We agree.

The United States Supreme Court in *Manson v. Brathwaite*, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977), addressed a similar situation. There, a police officer

not only testified at trial to an out-of-court identification from a single photograph, but also made an in-court identification of the defendant. While the court held that the witness' status as a trained police officer is a factor to be considered in determining the witness' degree of attention, it nevertheless applied the *Biggers* test to an identification by a police officer. Accordingly, when a police officer testifies as a witness to the commission of an offense, his identification testimony is subject to the same standards of admissibility as the testimony of any other witness to an offense.

In order to admit testimony regarding a witness' out-of-court identification of a defendant, the trial court must measure the identification procedures against due process of law. The court must determine whether, in the totality of the circumstances, the confrontation (here the single photo identification) was so unnecessarily suggestive and conducive to irreparable mistaken identification that it should be excluded. *Phillips v. People*, 170 Colo. 520, 528, 462 P.2d 594, 598 (1969). The People must demonstrate by clear and convincing evidence that no impermissible suggestion was present. *See Sandoval v. People*, 180 Colo. 180, 503 P.2d 1020 (1972).

The court must find that an in-court identification which follows an impermissibly suggestive out-of-court procedure (here a single photo display, *cf. Manson v. Brathwaite, supra*) was the product of the witness' own recollection. *But cf. People v. Lopez*, Colo.App., 605 P.2d 69 (1979). In determining whether the in-court identification has a source independent of a prior, impermissibly suggestive out-of-court identification, the trial court must apply the test delineated in *Neil v. Biggers*, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972), and consider:

> "the witness' opportunity to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation with the defendant, and the length of time between the crime and the confrontation."

*Huguley v. People*, 195 Colo. at —, 577 P.2d at 747.

The procedure on remand is left to the discretion of the trial court. *Huguley v. People, supra; People v. Jenkins*, 174 Colo. 26, 29, 481 P.2d 714, 715 (1971). Since the same evidence may establish the admissibility of Duer's in-court identification and his out-of-court identification, the cause must be remanded for such further proceedings as are necessary to make the requisite findings as to the admissibility of both the out-of-court and in-court identifications.

## IV.

The People did not attempt to introduce Gonzalez' photo identification of Roybal into evidence. An in camera hearing was conducted to determine the admissibility of an in-court identification by Gonzalez, who testified to several brief encounters in the same bar with "Randy" before the sale in question. The trial court found that Gonzalez had a basis for identifying Roybal in court, independent of his previous photo identification. The court failed, however, to make findings regarding the underlying facts supporting its conclusion, other than to note that the witness' positive tone of voice indicated the certainty of the identification. Consequently, the trial court must also make findings regarding whether Gonzalez' in-court identification had a source independent of the prior out-of-court identification. *See Huguley, supra.*

The cause is remanded for further proceedings to enable the trial court to make the requisite findings. If the trial court finds that all the identification evidence is admissible, then the record shall be recertified to this court for review of the trial court proceedings. If the trial court finds that some, but not all, of the identification testimony of either Duer or Gonzalez is inadmissible, then the judgment of conviction is reversed, and the defendant shall be given a new trial. If the trial court finds that none of the identification testimony is admissible, then the judgment of conviction is reversed, and the defendant shall be discharged.

COYTE and SILVERSTEIN, JJ., concur.