The **PEOPLE** of the State of Colorado, Plaintiff-Appellee,

v.

**Ralph Richard RODRIQUEZ,** Defendant-Appellant.

No. 79CA0345.

Colorado Court of Appeals, Div. II.

April 15, 1982.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., William Higgins, Asst. Atty. Gen., Denver, for plaintiff-appellee.

J. Gregory Walta, Colorado State Public Defender, Barbara S. Blackman, Deputy State Public Defender, Denver, for defendant-appellant.

KELLY, Judge.

The defendant, Richard Rodriquez, was convicted by a jury of vehicular homicide, § 18–3–106, C.R.S.1973 (1978 Repl.Vol. 8) and vehicular assault, § 18–3–205, C.R.S. 1973 (1978 Repl.Vol. 8). He contends that there was insufficient evidence to sustain the conviction, that the trial court abused its discretion by limiting his closing arguments to 30 minutes, that the trial court erred in failing to make factual findings concerning his motion to suppress blood sample results and statements, and that the blood sample and statements were taken in violation of his constitutional rights. Finding error in the failure to make factual findings, we remand for further proceedings.

The record reveals the following uncontroverted facts. On the afternoon of November 15, 1977, Rodriquez, Joe Tree, and Ernest Archuleta left a bar in Arboles and

drove north toward Ignacio. The driver failed to negotiate a curve in the road, and the car crashed in a field. Rodriquez and Tree were seriously injured, and Archuleta died as a result of injuries sustained during the accident.

Rodriquez and Tree were taken to a hospital, and the Colorado State Patrol officer investigating the accident ordered blood samples to be taken from both men. On the day following the accident, several officers and a district attorney visited Rodriquez in the intensive care ward of the hospital. Officer Poole told Rodriquez that they were investigating the accident, and asked Rodriquez whether he was driving. Rodriquez said he believed he was driving, and at that point he was given *Miranda* warnings and responded to further questioning. The main issue at trial was the identity of the driver of the car.

## I.

The defendant contends that the evidence at trial was insufficient as a matter of law to sustain his convictions for vehicular assault and vehicular homicide. Where the sufficiency of the evidence to support a guilty verdict is challenged, the testimony must be viewed in the light most favorable to the prosecution. If there is sufficient competent evidence establishing each of the essential elements of the crime charged, we may not overturn the jury's guilty verdict despite conflicts in the evidence. *People v. Duemig*, Colo., 620 P.2d 240 (1980).

Vehicular homicide occurs when a person drives a motor vehicle while under the influence of an intoxicant, and such conduct is the proximate cause of the death of another. Section 18–3–106(1)(b), C.R.S.1973 (1978 Repl.Vol. 8). Vehicular assault occurs when a person drives a motor vehicle under the influence of an intoxicant, and this conduct is the proximate cause of a serious bodily injury to another. Section 18–3–205(1)(b), C.R.S.1973 (1978 Repl.Vol. 8).

■ Here, the death certificate of passenger Ernest Archuleta was admitted into evidence without objection, and a doctor testified concerning the serious and perma-

nent injuries of Joe Tree. It is uncontroverted that the accident was the proximate cause of the death of Archuleta and the injury to Tree. No evidence was introduced to contradict the results of the blood sample, which indicated that Rodriquez's blood alcohol level was .312. This blood alcohol level triggered the operation of the conclusive statutory presumption that Rodriquez was under the influence of alcohol. Section 18–3–106(2)(c), C.R.S.1973 (1978 Repl.Vol. 8).

On the contested issue whether Rodriquez was the driver of the car, the prosecution introduced testimony of a witness who saw Rodriquez enter the driver's seat when the men left the Arboles bar, and testimony of witnesses at the crash scene. Two accident reconstruction experts testified that, in their opinion, Rodriquez was the driver. Tree testified that Rodriquez was driving, and the jury heard Rodriquez's tape-recorded statement that he believed he was the driver and that he had leased the car for business purposes.

Linda Rodriquez, the former wife of the defendant, testified for the defense that she had visited Tree in the hospital shortly after the accident and that he had told her he was driving, "more or less." A defense accident reconstruction expert testified that, in his opinion, Tree was the driver. Although the testimony of these two witnesses conflicted with the testimony of the People's witnesses, the resolution of such conflicts remains within the province of the jury. *People v. Jones*, 191 Colo. 110, 551 P.2d 706 (1976). There was sufficient evidence to convict.

## II.

■ Rodriquez contends that the trial court abused its discretion by limiting closing argument to 30 minutes per side. Limitation of the time for argument is within the discretion of the trial court, *Schell v. People*, 65 Colo. 116, 173 P. 1141 (1918). We are unable to determine whether the defendant was prejudiced by the time limitation because no record of the closing arguments has been provided.

## III.

The defendant moved to suppress evidence of statements made in the hospital and the results of the blood sample test. The minute order denying the motion to suppress provided:

"The court finds that under the circumstances and the totality of the circumstances, the blood sample taking was reasonable and would be admissible. The court further finds that the statements made by the defendant were voluntarily given after advisement of his rights and the waiver of those rights."

Rodriquez contends that the trial court erred in failing to make specific findings of fact. We agree.

■■■ The trial court is required to make findings of fact whenever it rules on a motion to suppress. *People v. Duncan*, 176 Colo. 427, 498 P.2d 941 (1971). Legal conclusions without specific findings of fact render appellate review impossible. *People v. Hoinville*, 191 Colo. 357, 553 P.2d 777 (1976). The trial court here failed to make factual findings regarding the underlying facts supporting its legal conclusions. Therefore, we remand for factual findings. *See People v. Roybal*, 43 Colo.App. 483, 609 P.2d 1110 (1979). On remand, the trial court should consider the following factors in its determination of the admissibility of the blood sample results and the statements.

### A.

■■■ The standard for determining the admissibility of a blood sample was announced in *Schmerber v. California*, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966). The trial court must determine whether the police were justified in requiring the defendant to submit to the blood test, and whether the means and procedures used were reasonable. In *Schmerber*, the blood sample was taken without the defendant's consent *after his arrest*. The Court reasoned that the taking of a blood sample without a warrant was justified because the percentage of alcohol in the blood begins to diminish shortly after drinking stops. The Court held that a blood sample taken in a hospital by medical personnel using established procedures was reasonable.

In *People v. Fidler*, 175 Colo. 90, 485 P.2d 725 (1971), the reasoning in *Schmerber* was extended to validate a blood sample taken *before* the defendant's arrest when the officers had probable cause to arrest. Thus, the trial court here must determine whether the officer who ordered the blood test had probable cause to arrest Rodriquez and whether the procedure used in taking the sample was reasonable.

### B.

■■■ Rodriquez asserts that statements he made while in the intensive care unit at the hospital were inadmissible because he was in custody and did not waive his *Miranda* rights, or, in the alternative, that these statements were involuntary. *Miranda* warnings are required if the defendant is in custody at the time of the interrogation. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). While Rodriquez's confinement to a hospital bed is insufficient alone to constitute custody, *Cummings v. State*, 27 Md.App. 361, 341 A.2d 294 (1975), the trial court should consider the following circumstances in determining whether he was in custody: The time of interrogation, the persons present, indicia of formal arrest, length and mood of the interrogation, lack of arrest after interrogation, and the administration of *Miranda* warnings. *See People v. Parada*, 188 Colo. 230, 533 P.2d 1121 (1975); *Cummings, supra*.

■■■ Even if Rodriquez was not in custody when he was questioned, his statements would be admissible only if the People established by a preponderance of the evidence that they were voluntary. *People v. Fordyce*, Colo., 612 P.2d 1131 (1980). A determination of voluntariness requires consideration of the totality of circumstances. *Schneckloth v. Bustamonte*, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973). The totality of circumstances includes details of the interrogation and the conduct

and characteristics of the defendant, including his mental condition, which bears on suggestibility or susceptibility to intimidation. *People v. Parks*, 195 Colo. 344, 579 P.2d 76 (1978).

### IV.

The cause is remanded for further proceedings to enable the trial court to make the requisite findings; the record shall then be recertified to this court for further review of the trial court proceedings.

ENOCH, C. J., and VAN CISE, J., concur.