The **PEOPLE** of the State of Colorado, Plaintiff-Appellee,

v.

John Dewey **HOLDEN**, Defendant-Appellant.

No. 83CA0507.

Colorado Court of Appeals, Div. I.

Jan. 31, 1985.

Rehearing Denied Feb. 21, 1985.

Certiorari Denied July 1, 1985.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., John D. Dailey, First Asst. Atty. Gen., Peter Stapp, Patricia A. Wallace, Asst. Atty's. Gen., Denver, for plaintiff-appellee.

Steven Meyrich, Boulder, for defendant-appellant.

ENOCH, Chief Judge.

Defendant, John Dewey Holden, appeals from a judgment of conviction entered pursuant to a jury verdict finding him guilty of aggravated robbery, attempted robbery, and second degree kidnapping. We affirm.

On June 10, 1982, the kidnap victim was abducted at gunpoint outside her Boulder apartment by a white man and a black man. Her abductors drove her around Boulder for five hours. During that time, they tried to force her to get money from various automatic tellers. Following one abortive attempt to withdraw money from one of these machines, the white man attempted to rob another person who was using the automatic teller. After this incident, the victim of the attempted robbery saw the white man run to a car driven by a black man.

The kidnap victim escaped from her abductors at a gas station when they ordered her to buy gas with her credit cards. The abductors fled with her car and remaining credit cards.

During most of the five-hour episode, the abductors placed a backpack over the kidnap victim's head and forced her to lie down in the back seat of the car. As a result, she only got a two-second glimpse of the black man.

On June 30, 1982, the kidnap victim tentatively identified defendant in a photo lineup as the black man involved in the incidents, and he was arrested. The attempted robbery victim also visually identified defendant from a photo lineup prior to trial.

The kidnap victim participated in two different voice identification procedures in which she listened to six tape cassettes, each containing a voice repeating phrases uttered by her abductor. One occurred on December 16, 1982, and the other on February 23, 1983, the second day of the trial. In both cases the kidnap victim identified defendant's voice as that of the black abductor. Defendant testified that he was not involved in the incident and that he was four and one-half inches taller than the description of the black abductor given by the kidnap victim.

## I.

Defendant first contends that his right to due process of law was violated by admission of evidence of the kidnap victim's out-of-court identification of defendant's voice. We disagree.

The trial court found both voice arrays suggestive in that defendant's voice was so distinctive to the court. However, the court allowed the prosecution to introduce evidence of the kidnap victim's identification from the second voice lineup. Before making this ruling, the court found by clear and convincing evidence that the second identification was not tainted by the distinctive nature of defendant's voice.

 A suggestive identification procedure does not mandate exclusion of evidence of the identification unless, under the totality of the circumstances, the procedure is likely to result in a substantial risk of misidentification. *Manson v. Brathwaite*, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977); *People v. Weller*, 679 P.2d 1077 (Colo.1984). Reliability is the linchpin in determining the admissibility of identification evidence. *Manson, supra.*

 To be admissible the prosecution must establish by clear and convincing evidence that the identification is not the product of an impermissibly suggestive procedure, but rather is based upon an independent source. *People v. Mattas*, 645 P.2d 254 (Colo.1982); *Huguley v. People*, 195 Colo. 259, 577 P.2d 746 (1978). Factors to be considered in determining this question are: (1) the opportunity of the witness to hear the accused at the time of the crime; (2) the witness' degree of attention; (3) the accuracy of the prior description of the accused's voice; (4) the level of certainty demonstrated at the identification procedure; and (5) the time between the crime and confrontation. *See Manson v. Brathwaite, supra; People v. Weller, supra; People v. Mascarenas*, 666 P.2d 101 (Colo. 1983). If the trial court's findings are supported by competent evidence in the record, the ruling may not be set aside. *People v. Walker*, 666 P.2d 113 (Colo.1983).

 Here, the record supports the trial court's finding that there was clear and convincing evidence that the suggestive procedure did not lead to a substantial risk of misidentification. The kidnap victim heard the voice in question repeatedly over a five-hour period. The kidnap victim testified that she paid close attention to the voice because she felt that her life depended upon correctly doing as she was told. The trial court further found that the kidnap victim had a high degree of certainty when identifying the voice of her abductor.

The court then balanced these findings against the victim's initial general description of her assailant's voice, and the fact that 191 days had elapsed between the date of the incident and her first voice identification. It then held that under the totality of the circumstances, the strength of the factors mentioned above insured the identification's reliability. We agree that under these circumstances there was not a substantial likelihood of misidentification and, thus, hold that the voice identification evidence was properly admitted.

## II.

Defendant also contends that the evidence was not sufficient to support the verdict. He argues that the nature of the physical and voice descriptions of him by the victims were insufficient in quality and quantity to support the verdict. We disagree.

Evidence is sufficient to support the verdict if, when viewed in a light most favorable to the prosecution, a jury could reasonably conclude that each material element of the offense had been proven beyond a reasonable doubt, including the identification of defendant. *People v. Loscutoff,* 661 P.2d 274 (Colo.1983); *People v. Bennett,* 183 Colo. 125, 515 P.2d 466 (1973).

Here, the only contested issue was the identification. The victims of both the kidnapping and the attempted robbery at the automatic teller tentatively picked defendant out of a photo lineup. The victim of the kidnapping also identified defendant's voice as that of her assailant. This evidence, taken in the light most favorable to the prosecution, is sufficient to sustain the verdict.

Judgment affirmed.

SMITH and BABCOCK, JJ., concur.