**UNITED STATES of America**

**v.**

**Clifton L. PERSON, Appellant.**

**No. 72–1422.**

United States Court of Appeals, District of Columbia Circuit.

March 26, 1973.

---

David I. Granger, Washington, D. C. (appointed by this Court), was on the brief for appellant.

Harold H. Titus, Jr., U. S. Atty., John A. Terry, William H. Collins, Jr., and James W. Diehm, Asst. U. S. Attys., were on the brief for appellee.

Before LEVENTHAL and ROBB, Circuit Judges, and WILLIAM JAMESON,* United States Senior District Judge for the District of Montana.

## PER CURIAM:

Appellant, Clifton L. Person was convicted on a six count indictment, including felony-murder, 22 D.C. § 2401, attempted robbery, 22 D.C. § 2902, and assault with a dangerous weapon, 22 D.C. § 502, involving the robbery of Carolyn Triplett and Jeffrey Crandell, and the shooting of Crandell when he came to the defense of Miss Triplett. Appellant presented no witnesses or other evidence, but raises two issues on appeal: (1) prejudice arising from the loss of grand jury minutes by the court reporter, and (2) the admission of pre-trial and in-court identification by Miss Triplett. We affirm.

It was established at a pre-trial hearing that the court reporter labelled her notes and filed them in her office after recording the grand jury proceedings. The only witness before the grand jury was Detective Fickling of the homicide squad. In his pre-trial testimony he summarized the statements of the other witnesses and the results of his investigation. Before giving this testimony, he read the statements of the witnesses whom he had not personally interviewed, and he based some of his testimony on a case summary he had prepared. He did not, however, read anything to the grand jury.

The court reporter made every effort to locate the notes, to no avail. Because of this development, the prosecutor voluntarily proffered that Detective Fickling would not be called to testify at trial. He also gave appellant all possible discovery, including the names of witnesses, statements of all witnesses, FBI material, and all physical and tangible evidence. He also turned over the resumé prepared by Detective Fickling, from which the detective testified to the grand jury.

■ It was not error for the court to proceed in the circumstances. Given the full disclosure by the prosecution, the fact that Detective Fickling was not called to testify, the orderly procedures established for preserving minutes, and the good faith efforts made to retrieve them when lost, there is no showing of bad faith, or the kind of negligence, going beyond the mishap all of us may encounter, that warrants a sanction as extreme as dismissal of the indictment, or the exclusion of the witnesses whose statements were summarized to the grand jury. See United States v. Bryant, 142 U.S.App.D.C. 132, 439 F.2d 642, aff'd after remand, 145 U.S.App.D.C. 259, 448 F.2d 1182 (1971). There is no realistic basis, beyond extrapolated speculation, for supposing that the availability of the lost minutes would have undercut the prosecution's case.

Miss Triplett was the only eyewitness to the robbery and shooting. There were three robbers, and appellant, whom Miss Triplett testified fired the shot which killed her escort, was identified by her for the first time at a line-up. At trial she testified that she had gotten a clear

---

* Sitting by designation pursuant to 28 U.S.C. § 294(d).

look at appellant during the robbery for about one minute, that his face was illuminated by a light across the street, and at one point his face was two feet from her.

Prior to the line-up, Miss Triplett had seen no photographs of the accused, but she knew three men, including someone named Person, had been arrested for the crime. She identified appellant at the line-up. She felt "very strongly" about her identification, and indicated that she wished to make an accurate identification. Despite this perfectly good line-up identification and the independent basis she had for the identification from her view of the offender during the commission of the crime, appellant would like to suppress the identification because after the line-up Detective Fickling told her she had "done well" and because she would suspect that the three men previously arrested would be in the line-up.

■■ The only reason advanced as to why the line-up might be unduly suggestive, under Stovall v. Denno, 388 U.S. 293, 302, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967), was that she knew from the newspapers that three persons had been arrested. While that knowledge may be taken into account where there is other indication of suggestivity, the mere fact that suspects are included within the line-up, and that witnesses know or assume this to be the case, is an inescapable aspect of line-up identification procedure. *See* United States v. Gambrill, 146 U.S.App.D.C. 72, 75, n. 3, 449 F.2d 1148, 1151, n. 3 (1971). As to the pat on the back from Detective Fickling, while it might conceivably reinforce and strengthen a resolve to identify appellant in court, realistically such a remark would add little in that respect to the fact of being called as a trial witness. There is no reason to suppose that the detective's remark was more than a comforting gesture to a witness, who was, quite naturally, on edge. It was better left unsaid, but does not seem to us to be the kind of action that materially affected her certainty as to the identification. The jury had before it the testimony as to the (slightly more tentative) line-up identification and was likely to credit this—which was uninfluenced by the subsequent remark—far more than the taken-for-granted in-court identification. Clemons v. United States, 133 U.S.App.D.C. 27, 40, 408 F.2d 1230, 1243 (en banc 1968), cert. denied, 394 U.S. 964, 89 S.Ct. 1318, 22 L.Ed.2d 567 (1969). This problem was available for argument to, and consideration by, the jury. The interest of justice does not require a rule of conclusive prejudice.

Affirmed.