## No. 26069

**The People of the State of Colorado v. John L. York**

(537 P.2d 294)

Decided June 2, 1975.

John P. Moore, Attorney General, John E. Bush, Deputy, Robert C. Lehnert, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, T. Michael Dutton, Deputy, for defendant-appellant.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

Appellant was convicted by a jury of burglary and theft in violation of 1967 Perm. Supp., C.R.S. 1963, 40-3-5 and 40-5-2. We affirm the convictions.

The People's evidence showed that the apartment of Stanley and Diane Lipkin, at 1585 South Holly Street, was burglarized in the forenoon on May 22, 1973. Taken from the apartment were a TV set, jewelry box, a glass jar filled with coins, another jar containing collector's items and various credit cards. The evidence showed that appellant and another man, Raymond E. Moton, were at the apartment building at approximately 11 o'clock that morning, inquiring about renting an apartment. Shortly thereafter, a tenant observed two men removing items from the Lipkin apartment and taking them to a two-tone brown Eldorado Cadillac. Although the tenant was not able to identify the two men, she did observe that their clothing matched that worn by appellant and Moton.

At approximately 3 o'clock in the afternoon, a group of five people, three women, and two men identified as appellant and Moton, entered the Cherry Creek Sears, Roebuck store where the women shopped for clothing. One of the women presented a Sears credit card in the name of Stanley Lipkin. When proper identification could not be produced, the purchase was refused and the five left the store and were seen getting into a brown Eldorado Cadillac.

Later that afternoon, police officers had stopped a blue Buick in connection with an investigation of another burglary, at 1201 Columbine Street. The Buick, which was owned by appellant, was then being driven by Moton. Appellant happened by the scene and upon seeing Moton being arrested appellant became involved and attempted to prevent Moton's arrest. In the course of the struggle that ensued, appellant was maced and struck with a nightstick. He was subdued and placed under arrest for interference and resistance, and taken to police headquarters. While en route, he was verbally advised of his rights under *Miranda v. Arizona,* 384 U.S. 436, 86 S. Ct. 1602, 16 L.Ed.2d 694, 10 A.L.R.3d 974. At the jail house he was advised in writing of his *Miranda* rights and he signed the advisement form, acknowledging that he understood each of his rights.

The next morning, on May 23, appellant was again advised in writing of his rights and he acknowledged his understanding by signing the written form, and he agreed in writing to give a statement. Thereupon, appellant admitted participating in the burglary and theft. His admissions were reduced to writing, which he read and signed.

Appellant initially pled guilty to the charges against him. Upon motion before trial, the court permitted him to withdraw his guilty plea and to enter a not guilty plea. The jury returned its verdicts of guilty, appellant's application for probation was denied, and he was sentenced to the Colorado State Reformatory.

## I.

Appellant's first ground for reversal is that a confrontation between an identification witness and appellant in the corridor outside the courtroom was so unnecessarily suggestive and conducive to irreparable mistaken identification that appellant was denied due process of law. *Stovall v. Denno,* 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199.

The witness, a Miss Chapman, was an employee at the Sears store and was present when appellant and the four others entered the store and attempted to purchase merchandise. She had observed appellant with the group in the store and had a face-to-face confrontation with both appellant and his confederate, Moton. She had not been shown any photographs prior to trial, nor had she attended any lineup or other identification procedure.

While she was waiting outside the courtroom for her appearance as a witness, appellant emerged from the courtroom during a temporary recess and was observed by Chapman, who recognized appellant as one who participated in the Sears transaction. The district attorney at that time asked her if she recognized appellant, and she answered in the affirmative.

There was no evidence that the confrontation was staged or planned. Rather, it appeared to be a chance viewing of the appellant by the witness. *United States v. Hardy,* 448 F.2d 423 (3d Cir. 1971); *United States v. Jackson,* 448 F.2d 963 (9th Cir. 1971); *United States v. Famulari,* 447 F.2d 1377 (2d Cir. 1971).

The trial court conducted an *in camera* evidentiary hearing and specifically found that the witness' in-court identification of appellant was based upon her initial encounter with him at the Sears store and was independent of the confrontation in the courthouse corridor. The finding was supported by competent evidence and will not be disturbed on review.

## II.

Appellant next contends that the trial court erred in ruling that appellant's confession was voluntary, and that it was admitted into evidence in violation of his rights under the Fifth Amendment to the United States Constitution. Appellant contends the statement was involuntary and should have been excluded from evidence.

His theory is that the confession was a product of an implied threat and a promise of leniency by a detective who conducted his interrogation. *Osborn v. People,* 83 Colo. 4, 262 P. 892.

Prior to the admission of the confession into evidence, the court conducted an *in camera* hearing on the question of voluntariness. The evidence showed that appellant had three times been advised of his right to remain silent. The detective who conducted the interrogation testified:

"Well, I told Mr. York — Mr. York was interested in bond, wanted to know how soon he could get out. I told him the minimum amount of bond I could put on him if the case was filed would be fifteen hundred dollars. I told him that that — that this would be the only time that I would be of help to him in this whole investigation, if he wanted to level with me at this time I would see that his cooperation did appear in my report and would reach the proper people, meaning the Judge and Jury, and what have you. I told him we thought we had a case against him, we were going to file it, and I would like to have his cooperation and would like to have the truth at this time. I think I talked to him for about ten minutes, and he was very cooperative, and he orally admitted to me that he had gone into

the apartment on South Holly Street, that he did take a television set and some coins. * * *"

There was no suggestion in the evidence of any brutality or third-degree tactics employed by the interrogating officer to induce or coerce the confession.

In evaluating all the evidence bearing upon the voluntariness of the confession, the trial court specifically found, in a *Jackson-Denno* hearing, the confession to be voluntary and admissible in evidence.

Relevant to the detective's urgings that appellant tell the truth, cooperate, and level with him, and that such would be noted in his report and reach the proper people, are the cases of *People v. Hubbard,* 55 Ill. 2d 142, 302 N.E.2d 609, and *People v. Malcom,* 14 Ill. App. 3d 378, 302 N.E.2d 352. In *Hubbard,* it was held that the mere promise to inform the prosecuting attorney of the defendant's cooperation did not render his confession inadmissible; and in *Malcom,* the advice that things would *go easier* if the defendant gave a statement did not render the statement the product of an improper inducement, thus rendering it involuntary. *Cf. United States v. Pomares,* 499 F.2d 1220 (2d. Cir. 1974); *United States v. Glasgow,* 451 F.2d 557 (9th Cir. 1971). Nor did the officer's statement concerning the minimum amount of bail to be set constitute an improper inducement as a matter of law. *United States v. Brandon,* 467 F.2d 1008 (9th Cir. 1972); *United States v. Ferrara,* 377 F.2d 16 (2d Cir. 1967); *Fernandez-Delgado v. United States,* 368 F.2d 34 (9th Cir. 1966). The question of voluntariness turns on the totality of the circumstances *(Boulden v. Holman,* 394 U.S. 478, 89 S.Ct. 1138, 22 L.Ed.2d 433), and is a question of fact to be determined by the jury under proper instructions, as were here given by the court. We find no error in the court's ruling.

## III.

■ Finally, concerning other assignments of error, we find no abuse of discretion in the refusal of the court to permit defense counsel to call as witnesses court employees to testify concerning the bonding procedure conducted at the county court advisement of appellant under Crim. P. 5. Admitted in evidence was the initial advisement form by the county judge which, in addition to advising appellant of his rights, fixed appellant's bail at $1,500, as was previously indicated by the investigating detective at the interrogation of appellant. The relevance and materiality of the proffered testimony was remote and questionable. We find no reversible error in the court's ruling.

■ Nor do we agree with appellant that the court erred in restricting cross-examination of the detective, whom appellant had called as his own witness, on the basis that the officer was a hostile witness. No foundation was shown that the officer was in fact a hostile witness, which would permit his cross-examination. *People v. Patterson,* 187 Colo. 431, 532 P.2d 342.

■ Finally, reversible error is predicated on the admission into evidence of a mugshot of appellant's confederate, Raymond E. Moton, used by the district attorney for identification purposes. Moton was in fact a codefendant, but was tried separately. The mugshot was taken as a result of the charges in this case and did not import prior criminal conduct on his part. We fail to see how prejudice to appellant could have resulted by the use of the photograph of his confederate and codefendant under these circumstances. *Cf. People v. Bugarin,* 181 Colo. 57, 507 P.2d 879.

In our view, the record indicates that appellant received a fair trial and that his conviction was supported by ample competent evidence.

The judgment is affirmed.