**The PEOPLE of the State of Colorado, Plaintiff-Appellee,**

v.

**Terry Wayne GORDON, Defendant-Appellant.**

**No. 77–919.**

Colorado Court of Appeals, Div. III.

May 8, 1980.

Rehearing Denied June 12, 1980.

Certiorari Denied Aug. 5, 1980.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Edward G. Donovan, Sol. Gen., John Daniel Dailey, Asst. Atty. Gen., Denver, for plaintiff-appellee.

J. Gregory Walta, Colorado State Public Defender, Melvin Rossman, Sp. Deputy Public Defender, Denver, for defendant-appellant.

BERMAN, Judge.

Defendant appeals his conviction of aggravated robbery. We affirm.

The conviction arose out of an armed robbery of a restaurant in Durango in November of 1976. Two waitresses at the restaurant during the robbery testified that a clean-shaven, unmasked man wearing a navy blue jacket entered the restaurant, pulled a gun, and demanded money. The waitresses observed the robber for five to fifteen seconds under good lighting.

In March of 1977, the police telephoned the two waitresses, and requested that they appear at the courthouse for a preliminary hearing. The police informed one of the waitresses, who told the other one, that they had a suspect who had confessed. However, the police neither described nor in any way identified who the suspect was. The day of the preliminary hearing, while waiting in a hall outside of the courtroom, the waitresses saw two men walking down the hall, one of which, the defendant, they both immediately identified as the robber, after which they informed the police. There was no indication that either of the men was in custody, nor was it apparent that the two men were going toward the courtroom for the preliminary hearing.

### I.

Defendant first contends that the trial court erred in denying his motion to suppress the in-court identification by the two witnesses because it was tainted by an impermissibly suggestive out-of-court identification. Defendant maintains that because the police had informed the two witnesses that they had a suspect who had confessed to the robbery, the out-of-court identification was impermissibly suggestive. We disagree.

A claim that pre-trial identification procedures were impermissibly suggestive must be considered in view of the totality of the circumstances. *Manson v. Braithwaite*, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977); *People v. District Court*, Colo., 607 P.2d 989 (1980). An otherwise properly conducted lineup is not constitutionally infirm where the witnesses only know that a suspect has been arrested and has been included in the lineup. *United States v. Person*, 478 F.2d 659 (D.C.Cir.1973). This logic dictates that a lineup is not impermissibly suggestive where the witness knows that a suspect who has confessed to the crime has been included in a lineup, *Person, supra*, but the police have not directed the attention of the witness toward that suspect. *United States ex rel. Goodyear v. Delaware Correctional Center*, 419 F.Supp. 93 (D.Del.1976).

Here, the statement by the police that they had a suspect who had confessed would not have, in and of itself, rendered a properly conducted lineup impermissibly suggestive. In fact, a formal police lineup was not conducted. And where, as here, the two witnesses' out-of-court identification of defendant occurred outside of the courtroom, in the absence of the police and without their instigation, and resulted in the spontaneous and simultaneous identification of the defendant by both witnesses, such an out-of-court confrontation is not so impermissibly suggestive as to deny the defendant due process of law. *People v. York*, 189 Colo. 16, 537 P.2d 294 (1975).

The crucial factors here were that the identification occurred without police direction, the defendant had not been singled out as a suspect and, when seen by the witnesses, was apparently not in custody. Also, the witnesses identified the defendant at a time when, and at a place where, they did not expect to see the defendant. The fact that they knew that a suspect had confessed had no impact on their identification of defendant, and thus, under the totality of the circumstances, the police statement did not render the out-of-court identification impermissibly suggestive.

Because the out-of-court identification was not impermissibly suggestive, defendant's reliance on *Huguley v. People*, 195 Colo. 259, 577 P.2d 746 (1978), for the proposition that the trial court erred in failing to make findings relative to the underlying facts necessary to support the con-

clusion that the in-court identification had an independent source, is misplaced, *Huguley, supra,* requires such findings with respect to an in-court identification only where there has been an impermissibly suggestive out-of-court identification procedure. Where, as here, the out-of-court identification procedure is determined not to be suggestive, the court need not make findings relative to the independent source of the in-court identification. *People v. Lopez,* Colo.App., 605 P.2d 69 (1979).

## II.

Defendant next maintains that the trial court erred in permitting the prosecution to introduce a previously suppressed photo into evidence to rebut the testimony of the defense witness. Because we hold that the trial court erred in its initial suppression of the photograph, we do not reach defendant's argument that a suppressed photo may not be used to rebut the testimony of an "independent witness."

 The trial court suppressed the photograph because defendant cooperated with the police by wearing a jacket for the photograph after his request for counsel had been ignored. The court reasoned that this was a denial of the defendant's right to counsel. We conclude, however, that, as defendant had been arrested, the police had the authority to take the photograph. *People v. Reynolds,* 38 Colo.App. 258, 559 P.2d 714 (1976). Further, the defendant's cooperation by wearing a jacket for the photograph was non-testimonial evidence, and fell outside defendant's Fifth Amendment privilege against self-incrimination. *Schmerber v. State of California,* 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966); *Thompson v. People,* 181 Colo. 194, 510 P.2d 311 (1973). Therefore, even if counsel had been present, counsel could not have prevented the taking of defendant's photo with the jacket on. *See LeBlanc v. Patterson,* 294 F.Supp. 607 (D.Colo.1960).

## III.

We also reject defendant's contention that the trial court erred by failing to give defendant's tendered instruction regarding proof of identity.

 First, the court's instruction regarding identity was a correct and adequate statement of the law, and therefore, failure to give defendant's tendered instruction did not constitute error. *People v. Otwell,* 179 Colo. 119, 498 P.2d 956 (1972). Second, defendant's tendered instruction contained factors set forth in *Manson v. Braithwaite, supra,* and *Neil v. Biggers,* 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972), which are to be considered by the court in determining the admissibility of in-court identification testimony in instances where a suggestive out-of-court identification has been suppressed. *Huguley, supra.* Since such is not the fact here, the determination of the admissibility of evidence is a matter within the sound discretion of the trial court. *Alonzi v. People,* Colo., 597 P.2d 560 (1979). Hence, in the instant case, once the trial court determined that the in-court identification was admissible, it properly rejected defendant's tendered instruction which would have placed these factors, and therefore the issue of admissibility, before the jury.

## IV.

At trial, defendant's accomplice testified against defendant. Defendant maintains that because the in-court identification testimony of the two identification witnesses should have been suppressed, the court erred in refusing to give the jury defendant's tendered instruction on uncorroborated testimony of an accomplice. As we have ruled adversely to defendant's contention that the witnesses' in-court identification should have been suppressed, we need not address defendant's position that the court erred in failing to give this instruction.

## V.

Finally, defendant cites as error the court's denial of his motion for acquittal, positing that because the identification witnesses saw defendant for less than a minute their testimony was so unreliable that there

was insufficient evidence to sustain a conviction. Again, we disagree.

When a trial court is confronted by a motion for acquittal, it must view the relevant evidence in the light most favorable to the prosecution to determine whether there is sufficient and substantial evidence to support a conclusion by a reasonable mind that the defendant is guilty of the charge beyond a reasonable doubt. *People v. Downer*, 192 Colo. 264, 557 P.2d 835 (1976); *see Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). In making this determination, the court should not, as defendant here requests, invade the province of the jury in determining the weight and credibility of the witnesses. *Downer, supra*. Our review of the record demonstrates that the court correctly denied defendant's motion for acquittal.

Judgment affirmed.

PIERCE and VAN CISE, JJ., concur.