**The PEOPLE of the State of Colorado, Plaintiff-Appellee,**

v.

**Richard BORREGO, Defendant-Appellant.**

**No. 81CA0925.**

Colorado Court of Appeals, Division I.

April 7, 1983.

Rehearing Denied April 29, 1983.

Certiorari Denied Aug. 29, 1983.

J.D. MacFarlane, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Joel W. Cantrick, John Milton Hutchins, Asst. Attys. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Linda Hotes, Deputy State Public Defender, Denver, for defendant-appellant.

STERNBERG, Judge.

Defendant, Richard C. Borrego, appeals his jury conviction of aggravated robbery and conspiracy to commit aggravated robbery, contending that the trial court erred in failing to suppress evidence of his out-of-court and in-court identifications and that the prosecution improperly informed the jury of defendant's prior arrests. We affirm.

The prosecution's evidence established the robbery of a bank by two gunmen, one wearing sunglasses and the other wearing a ski mask. The principal issue at trial was defendant's identity as one of the perpetrators of the robbery.

The day after the robbery, a police investigator brought two "mug books" to the bank containing 400–500 pictures of Hispanic males, including a two-year-old photo of defendant. None of the bank employees identified him. Approximately a month later, one bank employee identified the defendant at a physical lineup, and three other employees identified him with varying degrees of certainty, in a photographic lineup of seven pictures. The trial court found that neither of these lineups nor the manner in which they were conducted was unduly suggestive.

An out-of-court identification procedure is impermissibly suggestive when there is a substantial likelihood of misidentification based on the totality of the circumstances. *Manson v. Brathwaite,* 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1976); *People v. Roybal,* 43 Colo.App. 483, 609 P.2d 1110 (1976). Some of the factors to be considered in evaluating these circumstances are: the witness' opportunity to view the criminal; the witness' degree of attention; the accuracy of any prior description; the witness' level of certainty; and the time elapsed since the crime. *Neil v. Biggers,* 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972); *People v. Smith,* 620 P.2d 232 (Colo.1980). The trial court addressed these factors with specificity in its findings, and we adopt those findings. Moreover, the court correctly concluded that the fact that the witnesses identified the defendant with varying degrees of certainty goes to the weight of the evidence, not to its admissibility. *People v. Watkins,* 191 Colo. 440, 553 P.2d 819 (1976); *People v. Reed,* 42 Colo.App. 275, 598 P.2d 148 (1979).

Defendant contends that the witnesses' failure to identify him from the mug books is evidence of the improper suggestiveness of the lineups. However, since an inability to identify a defendant from mug books has been found not to preclude a later in-court identification, neither should it preclude admission of a later lineup identification. *Gimmy v. People,* 645 P.2d 262 (Colo. 1982). With regard to the physical identification, an in-person viewing often displays important identifying characteristics not visible in a photo, especially where, as here, the photograph is several years old. *See United States v. Toney,* 440 F.2d 590 (6th Cir.1971).

Defendant further asserts that the physical lineup was tainted because police procedures were impermissibly suggestive. The lineup was attended by approximately 25 witnesses to various robberies allegedly perpetrated by the defendant. While the potential for impropriety in such a situation is great, testimony at the suppression hearing established that the police instructed the witnesses not to speak to each other, and that this instruction was heeded.

Defendant also contends that his dark shirt, his position slightly in front of the other lineup participants, and the fact that he was approximately three years older than the others caused the physical lineup to be impermissibly suggestive. The trial court found that these factors did not present a substantial likelihood of misidentification, and nothing in the record compels a reversal of this finding. *People v. Jones,* 191 Colo. 385, 553 P.2d 770 (1976).

Defendant also objects to the fact that a number of his counsel's requests regarding the lineup procedure were disregarded. When, as here, defendant's counsel participates in the lineup procedure, it is not a denial of defendant's constitutional rights that the police do not comply with all counsel's requests. *Edmisten v. People,* 176 Colo. 262, 490 P.2d 58 (1971).

Defendant contends that the photographic lineup was tainted because the witness to the physical lineup had informed his fellow bank employees that he had made an identification. However, the knowledge that another eyewitness to the crime has identified a suspect at a different lineup does not render the photographic lineup impermissibly suggestive *per se. See People v. Gordon,* 44 Colo.App. 266, 615 P.2d 62 (1980).

Defendant further objects to the photo lineup because it did not include other individuals with "sharp features." The state cannot be required to provide exact replicas. A lineup is proper, if, as here, the photos are matched by race, approximate age, facial hair, and a number of other characteristics. *See People v. Velarde,* 541 P.2d 107 (Colo.App.1975) (not selected for official publication) and *Partin v. State,* 635 S.W.2d 923 (Tex.App.1982).

Because neither the physical nor photographic lineup was impermissibly suggestive we need not reach defendant's contention that the witnesses' in-court identifica-

tion lacked an independent basis. *People v. Gordon, supra.*

Finally, the defendant claims that a prosecution reference to "photograph albums" (mug books) containing a photograph of defendant taken two years previously, brought to the jury's attention defendant's prior arrest and, therefore, was prosecutorial misconduct.

 While, generally, reference to the existence of mug shots is considered prejudicial, here the effect was mitigated because the prosecutor referred to the books of mugshots as "photograph albums." *See People v. Pickett,* 194 Colo. 178, 571 P.2d 1078 (1977). In any event, defendant did not object at trial because he wanted evidence of the witnesses' failure to identify him from the "mug books" presented to the jury. Therefore, he may not now object. *People v. Gladney,* 194 Colo. 68, 570 P.2d 231 (1977).

Judgment affirmed.

BERMAN and COYTE,* JJ., concur.

---

* Retired Court of Appeals Judge sitting by assignment of the Chief Justice under provisions of the *Colo. Const.,* Art. VI, Sec. 5(3), and § 24–51–607(5), C.R.S.1973 (1981 Cum.Supp.)