The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Raymond DECKERT, Defendant-Appellant.

Nos. 82CA0960, 82CA1183 and 82CA1451.

Colorado Court of Appeals, Div. II.

Feb. 7, 1985.

Rehearing Denied April 11, 1985.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Eric Perryman, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Terri L. Brake, Sp. Deputy State Public Defender, Denver, for defendant-appellant.

KELLY, Judge.

The defendant, Raymond Deckert, appeals his conviction of first degree sexual assault and commission of a violent crime in Denver and his conviction of first degree sexual assault, second degree kidnapping, second degree assault, menacing, and commission of a violent crime in Arapahoe County. The actions have been consolidated for appeal.

Among other grounds for reversal, the defendant contends that, because he was denied his rights under the Uniform Mandatory Disposition of Detainers Act, neither trial court had jurisdiction, that both trial courts erred by admitting identification testimony of the Arapahoe County victims, and by admitting evidence of similar transactions from the other jurisdiction. Finally, the defendant contends that the Denver conviction for crime of violence must be vacated because the trial court's jury instruction was incorrect. We affirm.

In the Denver case, the evidence showed that, in the early morning hours of June 20, 1981, the defendant offered to drive a young woman home after meeting her at a friend's house. After driving a few blocks, he drove into an alley behind an apartment building, grabbed the woman's head in a headlock, pulled her head down towards his lap, placed a kitchen knife on her throat, and said, "I'm going to rape you." The defendant then ripped off her clothes and sexually assaulted her until she escaped out of the car door.

In the Arapahoe County case, the evidence was that on April 14, 1981, around 7:30 p.m., the defendant picked up three young women hitchhiking at a bus stop. At a stop sign, the defendant pulled out a knife, grabbed the young woman in the front seat by the hair, pulled her towards him, held the knife to her throat and, threatening her life, told the other two women to undress. As the defendant stopped for a stop sign, the woman in the front seat jumped from the car. The defendant drove a short distance into a dead-end alley and sexually assaulted the two young women while armed with a knife.

As a result of these charges, the defendant was arrested for violation of parole. He was returned to the Centennial Correctional Facility in Canon City.

I.

Defendant contends that neither court had jurisdiction to try him because the Department of Corrections failed to comply with § 16–14–102(2), C.R.S. (1978 Repl.Vol. 8) of the Uniform Mandatory Disposition of Detainers Act which requires that the superintendent of a correctional facility inform each prisoner promptly of any untried charges of which the superintendent has knowledge. We disagree.

The Uniform Act is applicable only if the prison superintendent has *actual* knowledge of the untried charges or if a detainer has been filed against the defendant. *People v. Lewis*, 680 P.2d 226 (Colo. 1984). Before the prosecution is required to prove compliance with the Act, the defendant must show that one or both of these events has occurred, thus making the provisions of the Uniform Act operable. *See Lowery v. State*, 452 So.2d 897 (Ala.Cr. App.1984).

In the Arapahoe County hearing on defendant's pretrial motion to dismiss, the defendant made no showing whatever that the prison superintendent had actual knowledge of the charges here. Moreover, the defendant's testimony at the hearing was that there were no detainers in his file.

Nevertheless, the defendant argues that § 16–14–107, C.R.S. (1978 Repl.Vol. 8) requires that the superintendent "arrange for all prisoners under his care and control to be informed in writing of the provisions of this article and for a record thereof to be placed in each prisoner's file." The defendant argues that, because the prosecution failed to show compliance with this statutory requirement, his rights under the Act have been denied. We disagree.

The defendant's testimony did not address the question whether his file contained a record of advisement, and the de-

fendant did not call the superintendent of the institution in order to elicit testimony concerning arrangements, if any, to inform prisoners in writing of the provisions of the Act. Under these circumstances, there was insufficient evidence to require the prosecution to go forward with a showing of compliance with the Act.

■ In Denver, defendant, after being granted a continuance, waived his right to a speedy trial. As a result, defendant also waived his rights under the Uniform Act. *People v. Mascarenas*, 666 P.2d 101 (Colo. 1983).

## II.

Defendant contends that the pretrial photo lineup, in which two of the victims identified him, was unduly suggestive, since he was the only person with the distinctive hair type described by the victims, and that, as a result, the in-court identifications were tainted. We disagree.

■ An out-of-court identification procedure is impermissibly suggestive when there is a substantial likelihood of misidentification based on the totality of the circumstances. *People v. Borrego*, 668 P.2d 21 (Colo.App.1983). Some of the factors to be considered in evaluating these circumstances are: the witness' opportunity to view the criminal; the witness' degree of attention; the accuracy of any prior description; the witness' level of certainty; and the time elapsed since the crime. *People v. Smith*, 620 P.2d 232 (Colo.1980). The State cannot be required to provide exact pictorial replicas, and a lineup is proper when the photos are matched by race, approximate age, hair type, and a number of other characteristics. *People v. Borrego, supra.*

■ Here, the victims described the defendant's hair as being reddish brown, medium length, and wavy or kinky. All of the photographs in the photo lineup generally match this description with several of the photos precisely matching the description. Thus, the lineup was not unduly sug-

gestive nor was the in-court identification tainted.

## III.

Defendant also argues that both the Denver and Arapahoe trial courts improperly admitted as evidence of a "similar transaction" testimony concerning the crimes committed in the other jurisdiction. *See* § 16–10–301, C.R.S. (1978 Repl.Vol. 8). The arguments lack merit.

■ In each jurisdiction, the primary purpose for which the similar transaction evidence was introduced was for identification of the defendant, a major issue in both trials. *See Pigford v. People*, 197 Colo. 358, 593 P.2d 354 (1979). The record reveals that the two transactions, while not identical in all respects, were sufficiently similar so that common identity could be inferred. Both assaults occurred in the Denver-Metropolitan area at night, both involved victims who did not know the defendant, both assaults took place in a car while parked in an alley, and in both assaults, the same type of weapon and methods were used to perpetrate the sexual assaults. Having applied the proper balancing tests, *Pigford v. People, supra,* the trial courts did not abuse their discretion by admitting the evidence.

## IV.

Finally, the defendant argues that the instruction on crime of violence in the Denver trial was incorrect. Again, we disagree. The jury was given a proper instruction on crime of violence as well as an instruction correctly phrased to distinguish between first degree sexual assault as either a class 2 or class 3 felony pursuant to § 18–3–402(2)(c), C.R.S. (1978 Repl.Vol. 8).

■ Proper verdict forms on the commission of violent crime were not given to the jury; however, since there was not a contemporaneous objection to the verdict form, and the reasons given for the extraordinary aggravated sentence were supported by the record and by the trial court findings, there is no reversible error. *People v.*

*Phillips,* 652 P.2d 575 (Colo.1982); *People v. Gonzales,* 44 Colo.App. 411, 613 P.2d 905 (1980).

The defendant's other contentions of error are without merit.

Judgment affirmed.

BERMAN and VAN CISE, JJ., concur.