The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Richard Edward THIERY,
Defendant–Appellant.

No. 86CA0993.

Colorado Court of Appeals,
Div. II.

Feb. 9, 1989.

Rehearing Denied March 9, 1989.
Certiorari Denied Sept. 5, 1989.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., and John Milton Hutchins, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, and Thomas M. Van Cleave, III, Deputy State Public Defender, Denver, for defendant-appellant.

JONES, Judge.

Defendant, Richard Thiery, appeals the judgment entered upon a jury verdict finding him guilty of attempted second degree burglary. In addition, he appeals the sentence imposed as being unduly harsh. We affirm.

On July 13, 1985, Kurt Pillard, an off-duty police officer, noticed a car driving up a private drive past his house. At the time, Pillard was looking after the home of an absent neighbor which was located further down the drive.

When the car failed to return, Pillard became suspicious and walked down the road toward the neighbor's house. As he approached, he heard the burglar alarm in the neighbor's house go off and spotted two persons running to the car he had seen earlier.

When the car reached Pillard, it stopped. The driver, identified by Pillard as the defendant, told Pillard they were looking for a community recreation center. Pillard identified himself as a police officer and told the two suspects to get out of the car, but they drove away. Further investigation at the neighbor's house revealed that a burglary had been attempted.

The defendant was charged with, and convicted of, attempted second degree burglary. Because of his extensive criminal record, he received a sentence of 16 years confinement.

## II.

Defendant first contends that the trial court erred in allowing him to be identified in court because the identification was tainted by an earlier suggestive photo identification procedure. We disagree.

The identifying witness, Pillard, was an experienced police officer who had initially viewed the perpetrators of the attempted burglary for 30 seconds during daylight hours, from a distance of four feet, face-to-face, and had spoken to them. During that confrontation, the officer's suspicions were aroused and he was highly attentive.

Examination of the photo array used by the officer to identify defendant reveals that it was not impermissibly suggestive so as to be conducive to irreparable misidentification. *See People v. Borrego*, 668 P.2d 21 (Colo.App.1983). Furthermore, even if that procedure were defective, the in-court identification was admissible on the additional ground that there were numerous independent bases for the officer's identification of defendant, and for the reliability of that identification. *See Manson v. Brathwaite*, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977); *People v. Mattas*, 645 P.2d 254 (Colo.1982). Thus, the court did not err in allowing the in-court identification of defendant.

## III.

Defendant next contends that the trial court erred in denying his request to display his tattoo to the jury and to show that he has some teeth missing or, in the alternative, to display a photograph illustrating these physical characteristics for the jury. We disagree.

Defendant requested to be allowed to take the witness stand, show his tattoo, and not be subjected to cross-examination or impeachment. However, the mere proffer of the defendant's arm with tattoo, or of his mouth with missing teeth, or of a photograph of the same, was properly denied. No foundation was presented to establish that the tattoo existed and that the teeth were missing at the time of the burglary in question.

Under the Fifth Amendment, a defendant in a criminal case has the right and privilege to refuse to take the witness stand in his own behalf. *See Brown v. United States*, 356 U.S. 148, 78 S.Ct. 622, 2 L.Ed.2d 589 (1958); *LeMasters v. People*, 678 P.2d 538 (Colo.1984). However, a defendant electing to take the stand is subject to cross-examination to the same extent as any other witness. *Routa v. People*, 117 Colo. 564, 192 P.2d 436 (1948). And cross-examination in an effort to impeach the defendant does not violate his Fifth Amendment privilege against self-incrimination. *See People v. Lambert*, 40 Colo.App. 84, 572 P.2d 847 (1977); *United*

*States v. Higginbotham,* 539 F.2d 17 (11th Cir.1976).

The defendant cannot have it both ways. "One can hardly testify in attack of evidence as to identification and at the same time, seek refuge behind the shield of the Fifth Amendment." *McGahee v. Massey,* 667 F.2d 1357 (11th Cir.1982), *cert. denied,* 459 U.S. 943, 103 S.Ct. 255, 74 L.Ed.2d 199 (1982).

■ Similarly, as to defendant's contention that evidence concerning the existence of this tattoo and the missing teeth should have been admitted in the non-testimonial form of photographs, we conclude that the trial court did not err.

Photographs may be admitted into evidence to show anything about which a witness may testify. *Jorgenson v. People,* 174 Colo. 144, 482 P.2d 962 (1971). The test for admission of such evidence is whether the conditions it depicts are substantially similar to the conditions at issue. *See People v. Sexton,* 192 Colo. 81, 555 P.2d 1151 (1976). In order to prove substantial similarity of conditions, a foundation must be laid by the party seeking admission of the photograph, showing it to be a true representation. *See* CRE 901. Otherwise, it falls into the class of unsworn testimony. *Fox v. Martens,* 132 Colo. 208, 286 P.2d 628 (1955).

Here, the mere proffer of the photographs, without authenticating testimony, was insufficient to require the trial court to admit them. Therefore, we conclude that the trial court did not abuse its discretion in denying defendant's request to admit the photographs.

## IV.

Defendant next contends that it was error for the court to refuse to give his tendered jury instructions on eyewitness identification and on his "theory of the case." We conclude that no error occurred.

■ Defendant tendered a specific instruction on identification testimony as first required in the case of *United States v. Telfaire,* 469 F.2d 552 (D.C.Cir.1972).

However, if a general instruction on credibility of witnesses is given, as was done here, then a *Telfaire* -type instruction need not be given. *People v. Loyd,* 751 P.2d 1015 (Colo.App.1988); *People v. Martinez,* 652 P.2d 174 (Colo.App.1981).

■ Defendant correctly asserts that a theory of the case instruction should be given if requested, and if supported by the evidence. *See People v. Marquez,* 692 P.2d 1089 (Colo.1984). However, defendant is not saved by this rubric because the tendered instruction here did not properly state the law as to any issue in the case, but simply sought to emphasize the identification of the driver of the fleeing vehicle over other compelling evidence by which defendant could be linked to the crime. Thus, defendant's theory of the case instruction, which would have mandated acquittal based on only a very narrow view of the identification evidence, and which would have precluded the jury's consideration of other evidence identifying defendant as being at the scene and a perpetrator, of the burglary was properly withheld from the jury. *See People v. Marquez, supra; cf. Payne v. People,* 110 Colo. 236, 132 P.2d 441 (1942). We find no error in the trial court's refusal to submit the instruction to the jury.

## V.

Defendant further contends that the trial court erred in denying his motions for mistrial based on testimony which tended to impute prior criminality to defendant. We conclude that no error occurred.

The record reflects no specific reference to any prior criminality by defendant. The two testimonial incidents which defendant argues impute prior criminal activity are neutral in effect, raising many reasonable inferences other than criminal activity or propensity on defendant's part. *See People v. Borrego, supra.* Thus, the court did not err in denying the motions for mistrial.

## VI.

■ Contrary to defendant's contentions, the 16–year sentence imposed by the

trial court was not unduly harsh. The crime for which defendant was convicted is a class four felony. Section 18–2–101(4), C.R.S. (1986 Repl.Vol. 8B). Defendant was on parole for another felony at the time he committed the offense in this case. Therefore, defendant was subject to a sentence within the aggravated range of eight to sixteen years. See §§ 18–1–105(1)(a)(IV) and 18–1–105(9)(a)(II), C.R.S. (1986 Repl. Vol. 8B).

We conclude that the record supports the sentence imposed by the court. The trial court considered all of the factors required in the sound exercise of its discretion, rationally selecting from the sentencing alternatives available in a manner consistent with the dominant aims of the sentencing process. *See Rocha v. People*, 713 P.2d 350 (Colo.1986).

The other contentions of defendant and are without merit.

The judgment and sentence are affirmed.

KELLY, C.J., and TURSI, J., concur.